## WALKER GLASS Co. *v.* SOUWEINE and others.

*(Circuit Court, S. D. New York. July 25, 1885.)*

PATENTS FOR INVENTIONS—POCKET-COMB CASES—PATENT No. 184,310—NOVELTY.
Patent No. 184,310, granted to Charles W. Walker, November 14, 1876, for an improvement in pocket-comb cases, *held* not void for want of novelty.

In Equity.

*M. B. Andrus,* for complainant.

*Henry F. Goken,* for defendants.

WALLACE, J. The invention specified in the complainant's patent (No. 184,310, granted to Charles W. Walker, November 14, 1876, for improvement in pocket-comb cases) is shown by the proofs to have been perfected by the patentee in the spring of 1875, although the application for the patent was not filed until October, 1876. No reason is shown for the delay that intervened between the time when a patent might have been applied for and the time when the application was made. In the absence of any explanatory facts, evidence offered to carry back the date of the invention to a period considerably anterior to the application for a patent, in order to save the patent from being defeated for want of novelty, should be critically examined. Here, however, a disinterested and intelligent witness was produced, whose testimony was clear and decisive to the point, and no attempt was made to controvert or impair the accuracy and truthfulness of his narrative.

The only defense interposed is want of novelty, predicated upon the public use and sale in this country of the comb-cases manufactured by Probst, in Nuremburg, Germany. It is entirely clear that the Probst comb-cases were imported by dealers in this country and sold here in 1876, and it is not doubted that such comb-cases were substantially the comb-case of the patent. But there is not evidence showing the public use or sale of similar articles prior to 1876, of sufficient cogency and conclusiveness to overthrow the presumption of novelty arising from the grant of the patent. When record or written evidence, such as the invoices from the files of the custom-house, is produced, the importations of the article are not shown to antedate 1876. The case of the defendants is left to rest upon the unaided recollection of several witnesses, some of whom are evidently mistaken as to dates, and none of whom are able to fortify by any corroborative circumstances their statement of the general fact that such articles were in the market here prior to 1876.

A decree is ordered for complainant.